UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRISTOPHER EVANS,
individually and on behalf of      NO. CIV. 08-2966 WBS GGH
all others similarly situated,

       Plaintiff,                  MEMORANDUM AND ORDER RE:
                                   MOTION TO REMAND
    v.

BANTEK WEST, INC., a Colorado
corporation, PENDUM LLC, a
Delaware Limited Liability
Corporation, and DOES 1
through 100, inclusive,

       Defendants.
_____/

----oo0oo----

       This matter is before the court on plaintiff's motion
to remand this action to state court pursuant to 28 U.S.C. §
1447(c).

I.   Factual and Procedural Background

       Plaintiff filed a putative class action in Sacramento
County Superior Court and effected service on Bantek West Inc.
("Bantek") on April 26, 2006.  (Cagney Decl. Ex. 1-2.)  The

Complaint alleged that Bantek, a Colorado corporation engaged in the business of maintaining automated teller machines and bank computers, failed to provide adequate meal periods to plaintiff and similarly situated employees and failed to pay certain wages, all in violation of California Labor Code sections 226.7 and 203 and Business and Professions Code sections 17200-17210. (<u>Id.</u> Ex. 1 at 21, 24-26.) The Complaint also asserted the same causes of action against certain defendants whose identities were not yet known to plaintiff, sued under fictitious names ("Does 1 through 100"). (<u>Id.</u> Ex. 1 at 21.)

Plaintiff and Bantek proceeded to litigate the matter for over two years in state court. (<u>See</u> Mot. Remand 3:12-20; Cagney Decl. Exs. 5-10.) Plaintiff then filed a First Amended Complaint ("FAC") on February 25, 2008, in order to designate alleged rest and meal period violations as separate causes of action. (Cagney Decl. ¶ 16, Ex. 11.) Thereafter, plaintiff added Pendum LLC ("Pendum") as a defendant in the action through an amendment to the FAC, which was served on Pendum on November 11, 2008.[1] (Gemoets Decl. ¶ 2.) Plaintiff argues that "Pendum is simply another name" for Bantek, while Pendum asserts that the two are "distinct legal entities." (<u>Compare</u> Mot. Remand 2:15, <u>with</u> Pendum's Opp'n 6:7.)

Bantek terminated plaintiff's employment at some point in 2008, and plaintiff sought leave from the state court on August 15, 2008, to file a supplemental complaint in the action

---

[1] Plaintiff states that it effected service on Pendum on November 10, 2008, not November 11. (Cagney Decl. ¶ 19.) The difference between these dates does not affect the court's analysis for the purposes of this motion.

to allege wrongful termination.  (Cagney Decl. ¶ 17.)  Bantek

successfully opposed the filing of the proposed supplemental

complaint.  (Mot. Remand Exs. 13-15.)  Consequently, plaintiff

filed a separate action for wrongful termination in state court

naming Bantek and Pendum as defendants.  Pendum removed that

action to federal court on November 12, 2008, based on diversity

jurisdiction, 28 U.S.C. § 1332(a).  See Evans v. Bantek West,

Inc., No. 08-2719 (E.D. Cal.) ("wrongful termination action").

Shortly thereafter, on December 4, 2008, Pendum also

removed the original case to federal court (now the present

action), again based on diversity jurisdiction, 28 U.S.C. §

1332(a).[2]  (Notice of Removal 2:18-19.)  Pendum subsequently

filed a notice of related cases on December 29, 2008, notifying

the court and parties of the related nature of this case and the

wrongful termination action.  Plaintiff then moved to remand this

action on December 31, 2008, but incorrectly filed his motion in

the wrongful termination action.  (Oliver Decl. ¶ 4.)  Pendum

filed an opposition to that motion on January 16, 2009.  (Id. ¶

5.)  After realizing the mistake, plaintiff sought to terminate

that motion and filed the instant motion to remand on January 20,

2009.  (See id. ¶¶ 5-6.)

---

[2]   Though Pendum's notice of removal states only that the
court "has original jurisdiction under 28 U.S.C. § 1332," (Notice
of Removal 2:18-19), the court understands the removal to be
premised on § 1332(a) and not § 1332(d), which provides for
removal of certain class actions.  In particular, Pendum asserts
only that the amount in controversy exceeds $75,000, the
jurisdictional minimum of § 1332(a), not $5 million, the
jurisdictional minimum for class actions removable under §
1332(d).

3

II.   Discussion

    A.   Timeliness of Plaintiff's Motion to Remand

        A motion to remand that is based on any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal.  28 U.S.C. § 1447(c); accord N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995) (requiring that "a defect in removal procedure be raised in the district court within 30 days after the filing of the notice of removal").  Here, plaintiff does not challenge the court's subject matter jurisdiction, but rather moves to remand because Pendum's notice of removal purportedly failed to comply with the time limits imposed by 28 U.S.C. § 1446(b).  (Mot. Remand 1:3-12.)  Since "untimely removal is a procedural rather than a jurisdictional defect," Maniar v. F.D.I.C., 979 F.2d 782, 785 (9th Cir. 1992), plaintiff's motion to remand must satisfy the thirty-day filing deadline of § 1447(c).

        Pendum filed its notice of removal on December 4, 2008. (Docket No. 1.)  The instant motion to remand was not filed in this case until January 20, 2009 (Docket No. 13), more than thirty days thereafter.  However, plaintiff did file a timely motion to remand on December 31, 2008, but incorrectly filed it in the wrong case.  (Oliver Decl. ¶ 4.)  That motion was clearly intended to be filed in the instant action, though, as the dates of the pleadings and notice of removal specified therein correspond to the dates in this case, not the wrongful termination action.

        Although § 1447(c)'s thirty-day time limit for motions

4

to remand "is plainly mandatory," the failure to file a "defect-free motion within the thirty-day deadline" does not necessarily render a motion untimely. Bilbruck v. BNSF Ry. Co., 243 F. App'x 293, 295 (9th Cir. 2007); accord Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 75 (2d Cir. 2005) (per curiam). For example, courts have held that a district court may consider the merits of a motion to remand when the motion would have been timely but for technical noncompliance with a local rule or the requirements of an Electronic Case Filing ("ECF") system and the defendant would not suffer prejudice therefrom. See Bilbruck, 243 F. App'x at 295 (holding that "the district court properly exercised its discretion" when it found that the plaintiff's "technical noncompliance" with a local rule "did not render his motion to remand untimely"); Phoenix Global Ventures, LLC, 422 F.3d at 76 (recognizing a "district court's authority" to excuse an attorney's "failure to comply with the ECF system requirements and thus deem the motion [to remand] made at the time when, but for this noncompliance, the motion would have been made").

More directly on point, a motion to remand may also be considered timely when, as here, a plaintiff inadvertently files the motion in a different but related case. See Tanoh v. AMVAC Chem. Corp., No. 06-7038, 2008 WL 4691004, at *2 (C.D. Cal. Oct. 21, 2008) (treating a motion to remand accidentally filed in a related case between the parties as if it had been filed in the proper case for the purposes of assessing the timeliness and validity of the motion); cf. Farzana K. v. Ind. Dep't of Educ., 473 F.3d 703, 707 (7th Cir. 2007) (providing that a complaint is

5

timely filed even though a plaintiff "writ[es] the wrong docket number on top of the papers").

The purpose of § 1447(c)'s thirty-day time limit for motions to remand "is 'to resolve the choice of forum at the early stages of litigation,' and to 'prevent the "shuffling [of] cases between state and federal courts after the first thirty days."'" <u>Pittsburg-Des Moines Steel Co.</u>, 69 F.3d at 1038 (quoting <u>Maniar</u>, 979 F.2d at 782, 786) (alterations in original); <u>see</u> <u>Pierpoint v. Barnes</u>, 94 F.3d 813, 818 (2d Cir. 1996) (explaining that the purpose of the thirty-day limit is "to avoid late-game forum shopping by plaintiffs"). That purpose is not seriously offended by excusing the late filing of the instant motion. This case is still in its early stages in federal court, as the parties have not yet filed status reports to plan for discovery. Further, Pendum has not identified any prejudice arising from the delay in its receipt of a defect-free motion to remand.

Plaintiff's erroneous filing in the wrongful termination action followed by the filing of the instant motion thus adequately "raised [a defect in the removal procedure] in the district court within 30 days after the filing of the notice of removal." <u>N. Cal. Dist. Council of Laborers</u>, 69 F.3d at 1038. Accordingly, the court will excuse plaintiff's technical delay in filing the motion to remand and proceed to decide the motion on the merits.

B. <u>Procedural Defects in Pendum's Notice of Removal</u>

"Section 1446(b) provides that the notice of removal must be filed within thirty days of the defendant's receipt

6

'through service or otherwise' of the complaint, or within thirty days of the service of a summons, whichever period is shorter." Bush v. Cheaptickets, Inc., 425 F.3d 683, 688 (9th Cir. 2005) (citing Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)). Here, plaintiff argues that Pendum's thirty-day period for removal began to run upon service of the Complaint on Bantek on April 26, 2006. Pendum, apparently relying upon the last- served defendant rule, which provides that "each defendant has thirty days from the time it was served to remove an action," Smith v. Mail Boxes, Etc., 191 F. Supp. 2d 1155, 1158 (E.D. Cal. 2002), responds that its removal period did not begin to run until November 11, 2008, when it was first served with a complaint.

    In support of its argument that Pendum should be subject to Bantek's removal deadline, plaintiff contends that "Pendum" and "Bantek" are "interchangeable names for the same company." (Mot. Remand at 6:24-25.) Plaintiff directs the court to Pendum's website, which states that "Pendum LLC" was "formed through the 2006 merger of . . . Bantek West and EFMARK Premium Armored." (See Cagney Decl. Ex. 3 at 34.) Pendum, in response, asserts that it and Bantek "are distinct legal entities with separate and independent Boards of Directors." (Pendum's Opp'n 6:6-7; Gemoets Decl. ¶ 5.) Pendum further states that it purchased the assets of Bantek "in a foreclosure sale on June 24, 2008." (Pendum's Opp'n 6:7-10; Gemoets Decl. ¶ 5.) At the hearing on this motion, counsel for Pendum attempted to explain statements on Pendum's website, asserting that a different entity--Pendum Inc.--was related to Bantek in 2006. Counsel

7

argues that, in contrast, Pendum LLC, the litigant in this action, was unrelated to Bantek before the June 2008 purchase of Bantek's assets.

Given this corporate history apparently involving multiple entities named "Pendum" and multiple transactions, the parties' competing contentions present an uncertain picture of the degree of relatedness between Bantek and Pendum at relevant times in this litigation. Nonetheless, even assuming that Pendum and Bantek are distinct entities for the purposes of removal, Pendum's removal is still procedurally defective. Under the rule of unanimity, all defendants in an action must join in or consent to the notice of removal. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006); see United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a state court must join in a petition for removal.").

Here, counsel for Pendum admits that Bantek has not joined or consented to the notice of removal. Furthermore, assuming that Pendum received a fresh removal deadline under the last-served defendant rule, Bantek's opportunity to join the notice of removal expired thirty days after Pendum was first served--in other words one week after Pendum filed its notice. See Prize Frize, 167 F.3d at 1266 (noting that other defendants must join the notice within the thirty-day statutory removal period). Pendum's removal is therefore procedurally defective because not all defendants joined or consented. Accordingly, the

1  court will grant plaintiff's motion to remand.

2          The court recognizes that plaintiff did not argue the

3  failure of unanimity in its moving papers and that, in general, a

4  district court "cannot remand <u>sua sponte</u> for defects in removal

5  procedure." <u>Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead</u>

6  <u>Ins. Co.</u>, 346 F.3d 1190, 1193 (9th Cir. 2003).  So long as a

7  plaintiff has raised procedural defects in a timely motion to

8  remand, however, a court may remand based on a rationale not

9  specifically argued by the plaintiff.  <u>See Schexnayder v. Entergy</u>

10 <u>La., Inc.</u>, 394 F.3d 280, 283-84 (5th Cir. 2004) (declining to

11 hold that a district court "is not authorized under § 1447(c) to

12 remand a case for reasons that are not listed in the original

13 motion to remand"); <u>Velchez v. Carnival Corp.</u>, 331 F.3d 1207,

14 1210 (11th Cir. 2003) (holding that a district court has not

15 issued an invalid "<u>sua sponte</u> order" when it grants a motion to

16 remand on a different basis than that asserted by the plaintiff).

17         In its motion here, plaintiff timely raised the

18 procedural objection that the notice of removal failed to comply

19 with the time limits of § 1446(b).[3]  Remanding a case in such

20 situations does not raise the concerns underlying the rule

21 against <u>sua sponte</u> remand, namely that a court should wait for a

22 motion to remand because a plaintiff may acquiesce to the federal

23

24     [3]    Plaintiff also argues that the notice of removal was
   procedurally improper because Pendum failed to include a copy of
25 all the pleadings filed in the state court action.  (Mot. Remand
   8:1-8.)  Section 1446(a) provides that the removing party include
26 with its notice of removal "a copy of all process, pleadings, and
   orders served upon such defendant."  Pendum's inclusion of copies
27 of the FAC, its answer, and the amendment adding it as a party
   (<u>see</u> Notice of Removal Exs. A-C) was sufficient since there is no
28 indication that any other pleadings were served upon Pendum.

9

forum.  <u>Velchez</u>, 331 F.3d at 1210; <u>cf.</u> <u>Kelton Arms</u>, 346 F.3d at 1193 (prohibiting <u>sua sponte</u> remands by district courts because "[a] plaintiff may wish to remain in federal court even though he or she originally filed in state court").

C.   <u>Costs and Attorney's Fees</u>

Plaintiff requests an award of costs and attorney's fees incurred as a result of removal.  (Mot. Remand 8:23-25.) Upon granting a motion for remand, a federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005) (citing <u>Hornbuckle v. State Farm Lloyds</u>, 385 F.3d 538, 541 (5th Cir. 2004); <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 293 (5th Cir. 2000)).  The objective reasonableness of removal is measured at the time of removal.  <u>Valdes</u>, 199 F.3d at 293.

Here, the court cannot conclude that Pendum's removal lacked an objectively reasonable basis.  No party argues that the court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  (<u>See</u> Mot. Remand 5:17 n.2; Cagney Decl. ¶ 4.)  Instead, Pendum's notice of removal fails because of the procedural defect of lack of unanimity.  The absence of Bantek's consent at the time of removal alone, however, did not make Pendum's removal objectively unreasonable at the time, because Bantek still had a week to join in the notice after it was filed.

See Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998)
(holding that a lack of unanimity was cured when a defendant
later joined the notice of removal) superseded by statute on
other grounds as recognized in Abrego, 443 F.3d at 681.  The
record currently before the court does not indicate why Pendum
failed to secure Bantek's consent prior to filing its notice of
removal or why Bantek declined to join in the notice once it was
filed.  Though a defendant's failure to join or seek the consent
of other defendants might, in some circumstances, warrant an
award of attorney's fees, the court is unwilling to award fees
based on the thin record in this case.

Accordingly, the court will deny plaintiff's request
for costs and attorney's fees.

IT IS THEREFORE ORDERED that plaintiff's motion to
remand be, and the same hereby is, GRANTED, and this action is
hereby REMANDED to the Superior Court of the State of California,
in and for the County of Sacramento.

IT IS FURTHER ORDERED that plaintiff's request for an
award of costs and attorney's fees be, and the same hereby is,
DENIED.

DATED:  March 11, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE